[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was referred to an attorney trial referee (ATR) for a hearing, report and recommendation pursuant to Practice Book §19-2A. Following a hearing on June 15, 2001, the ATR rendered her report and recommendation dated July 26, 2001 which is now before the court for action. See Practice Book §§ 19-8, 19-16, 19-17. No objection to the ATR's report has been filed.
The pleadings disclose that the plaintiff is suing to collect on two promissory notes executed by the defendant and payable to the plaintiff on December 26, 1999. One note was in the principal amount of $100,000; the second note was in the principal amount of $500,000. In his answer, the defendant, represented by counsel, admitted he executed both notes and did not pay the notes when they matured. The only issue left unresolved was the amount of accrued interest.
The defendant did not appear at the hearing before the ATR who received CT Page 12459 evidence from the plaintiff in the form of an affidavit of debt.
The ATR found the following pertinent facts:
 4. On April 23, 1999, Preminger borrowed the sum of $500,000 from First Union National Bank. Zwi Preminger signed a promissory note in the sum of $500,000 which note was due and payable August 26, 1999, and which maturity date was extended by mutual agreement of the parties to December 26, 1999.
 5. First Union National Bank made proper demand for payment of both obligations of indebtedness and Zwi Preminger has failed and neglected to pay the sums due under the notes.
6. First Union National Bank is the holder of the notes.
 7. With regard to the promissory note dated April 23, 1999 in the principal amount of $500,000, interest has accrued through June 15, 2001 in the sum of $90,035.67. Further, interest has accrued at the rate of $111.11 per day from June 15, 2001 through July 25, 2001 in the sum of $4,444.
 8. There is due and owing under the promissory note dated July 22, 1999 the principal sum of $100,000. Accrued interest on the $100,000 promissory note as of June 15, 2001 is $16,119.64. Additionally, accrued interest in the sum of $1,031.40 has accumulated against this debt through July 25, 2001. The per diem rate is $22.92.
 9. The plaintiff is entitled to recover costs pursuant to the terms of the notes. The plaintiff has claimed a $200 entry fee and $460.60 in sheriff's fees.
 10. The plaintiff has submitted an affidavit of attorney's fees documenting 50 hours at $150 per hour spent in connection with collection of the two promissory notes which are the subject matter of this litigation. This claim for attorney's fees totals $7,500.
Based on the above facts, the ATR made the following recommendations.
 1. That judgement should enter in the sum of $594,479.67 (through 7/25/01) relating to the $500,000 promissory note executed on April 23, 1999. For each day that the judgment remains outstanding, the per diem interest rate of $111.11 should be applied to this amount.
 2. With regard to the promissory note of $100,000 executed on July 22, 1999, judgment should enter in favor of the plaintiff for $117,151.04 as of July 25, 2001. The per diem interest rate of $22.92 should be added for each day that the obligation remains unpaid.
3. Costs should be assessed in the sum of $660.60.
 4. Attorney's Fees of $7,500 should be awarded to the plaintiff, First Union National Bank.
It is well accepted that the facts found by an ATR should not be disturbed unless they are clearly erroneous. That is not the case here. Based on the facts found, the court accepts the recommendation of the ATR.
 Order
Judgment may enter for the plaintiff on Count I of the complaint (the $100,000 note) in the amount of $118,136.60, on Count II of the complaint (the $500,000 note) in the amount of $599,257.40; in addition, the plaintiff may have judgment for $7,500 in attorney's fees.
The total judgment is $724,894.00 plus costs of $660.60.
ADAMS, J. CT Page 12460